**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| |
|---|
| VALYREA BORSACK, |
| Plaintiff, |
| v. |
| PTL. CHRISTIAN HART, et al., |
| Defendants. |

Civil Action No. 26-1573 (RK) (TJB)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

     **THIS MATTER** comes before the Court upon the application of Plaintiff Valyrea Borsack ("Plaintiff") to proceed *in forma pauperis*, ("IFP," ECF No. 1-2), together with Plaintiff's Complaint against Defendants Ptl. Christian Hart, P.O. Jeflir Rizvani, P.O. James Dillon, Det./Cpl. Barry Bisanzio, Blairstown Township, and various John Doe Blairstown Township police officers and Warren County prosecutor's office employees (collectively, "Defendants"). ("Compl.," ECF No. 1). For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** the Complaint.

### I.      BACKGROUND

     The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g., Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

     On April 28, 2023, Blairstown Township police responded to a domestic incident in Blairstown, New Jersey involving Plaintiff and the complaining witness/alleged victim, Anthony Bunkley. (*Id.* ¶ 14.) Plaintiff alleges that the Defendant law enforcement officers—without specifying which Defendants—asserted in criminal allegations against Plaintiff "that [P]laintiff

threw a kitchen knife at Anthony Bunkley, causing injury, and that the incident involved domestic violence," relying on the testimony of Mr. Bunkley. (*Id.* ¶¶ 20, 22.)  Though Plaintiff "informed law enforcement and the prosecuting authority" that Mr. Bunkley's allegations against her were untrue, Defendants nonetheless arrested and initiated criminal proceedings against Plaintiff that same day. (*Id.* ¶¶ 15, 21–22, 24.) Thereafter, Plaintiff was charged in New Jersey Superior Court with "charges includ[ing] aggravated assault, possession of a weapon for an unlawful purpose, and simple assault." (*Id.* ¶¶ 15, 19 (citations omitted).)

Plaintiff asserts that, at some point after her April 28 arrest, Bunkley sought to withdraw a no-contact order (which ostensibly governed contact between him and Plaintiff); in his request for withdrawal, Bunkley allegedly "stated, in substance, that [P]laintiff poses no danger to him or to the minor child." (*Id.* ¶ 25.) According to Plaintiff, Bunkley's subsequent statement that he did not perceive Plaintiff as a threat contradicted his account of Plaintiff's actions during the April 28 domestic dispute. (*Id.*) Furthermore, Plaintiff states that she has video evidence that captures Bunkley admitting that he deliberately provided false information to law enforcement regarding Plaintiff's conduct during the April 28 domestic dispute with the stated intention of "fram[ing]" Plaintiff. (*Id.* ¶ 26.)

On February 14, 2024, Plaintiff states that the "prosecuting authority"—again, not specifying which of the named or unnamed Defendants—dismissed the charges against her "[a]fter minimal court activity." (*Id.* ¶¶ 27–28.) On February 17, 2026, more than two years later, Plaintiff filed the instant four-count complaint alleging violations of her civil rights under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. 10:6-1 *et seq.* (*Id.* at 5 (dating Plaintiff's signature on February 17, 2026).)

Count One asserts violations of the Fourth and Fourteenth Amendments to the United States Constitution by Defendants Hart, Rizvani, Dillon, and Bisanzio—all of whom were, at the relevant time, law enforcement officers employed by Blairstown Township—and other unknown Blairstown Police officers. (*Id.* ¶ 31.) Count One, in fact, raises two separate causes of action under Section 1983: a claim for "unreasonable seizure"[1] and a claim for malicious prosecution. (*Id.* ¶¶ 31–33.) This count alleges that the defendants named *supra* are liable for illegally arresting Plaintiff and for initiating and continuing criminal proceedings against her; Plaintiff contends that Defendants predicated the arrest and criminal proceedings on "materially false and misleading assertions" and non-consideration of "material exculpatory information necessary to a probable-cause determination." (*Id.* ¶ 31.) Count Two asserts violations of the NJCRA for the same two claims raised in Count One under Section 1983, again without specifying which of the Defendants were liable for which claim. (*Id.* ¶ 35.)

Count Three advances another Section 1983 claim against "one or more defendants"—with no further specificity as to these Defendants' identity—for "fabrication of evidence / false statements and material omissions." (*Id.* ¶ 37.) These unnamed Defendants allegedly "participated in, encouraged, or deliberately ignored the fabrication of evidence and/or the inclusion of false statements or material omissions in charging documents and investigative reports used to justify plaintiff's arrest and continued prosecution." (*Id.*) Finally, Count Four sets forth a *Monell* municipal liability claim against Defendant Blairstown Township for "maintain[ing] policies, customs, and/or practices, including inadequate training and supervision regarding domestic

---

[1] Plaintiff's "unreasonable seizure" claim, in substance, appears to be a claim for false or illegal arrest. (Compl ¶ 31 ("[Defendants] "caused plaintiff to be seized pursuant to legal process … without probable cause.")); *Tomlinson v. Borough of Norristown*, 2011 WL 1539728, at *3 (E.D. Pa. Apr. 21, 2011) ("Federal claims of false arrest made pursuant to 42 U.S.C. § 1983 are grounded in the Fourth Amendment guarantee of protection from unlawful seizure." (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994))). The Court thus uses the terms interchangeably.

3

violence investigations, evidence handling, probable-cause determinations, and the duty to consider plainly exculpatory information" that facilitated the constitutional violations alleged in the previous counts of the complaint. (*Id.* ¶ 39); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 US 658 (1978).

## II.    **LEGAL STANDARD**

Pursuant to 28 U.S.C. Section 1915(a), a district court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (emphasis omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)), Section 1915(e) empowers district courts to dismiss an *in forma pauperis* complaint that "is frivolous or malicious" or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e).

The Court thus engages in "a two-step analysis" when considering a complaint filed with an *in forma pauperis* application: (1) under Section 1915(a), the Court determines whether the plaintiff is eligible to proceed without prepaying the civil filing fee, and (2) under Section 1915(e), the Court determines "whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *1–2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). Courts may address these two questions "in either order or even simultaneously." *Karupaiyan v. Wipro Ltd.*, No. 23-2424, 2025 WL 89076,

4

at *3 n.9 (3d Cir. Jan. 14, 2025) (quoting *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc)).

## III.    DISCUSSION

### A.    *In Forma Pauperis* Application

Section 1915(a) requires plaintiffs seeking to proceed *in forma pauperis* to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)(1)). A plaintiff's IFP application must "include sufficient information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023).

Plaintiff did not utilize the "Long Form" IFP application.[2] Instead, she provided the Court with only a "Short Form" IFP application. (*See generally* IFP.) This renders her IFP application deficient. *See DiPietro v. New Jersey*, No. 19-17014, 2019 WL 4926865, at *1 (D.N.J. Oct. 7, 2019); *accord Swiggett v. SPO Brandon Esbenshade*, No. 19-2318, 2020 WL 5909373, at *1 (D. Del. Oct. 6, 2020). Equally problematic are Plaintiff's perfunctory and incomplete responses to questions on the Short Form application.[3] (*See* IFP.) Because Plaintiff did not submit the proper

---

[2] To facilitate *pro se* plaintiffs in satisfying this statutory obligation, the federal judiciary provides a "Long Form" IFP application, which is available at https://www.uscourts.gov/file/446/download.

[3] For example, after representing that she is not currently employed, Plaintiff did not answer the requisite follow-up questions within question 4 asking for Plaintiff for her "date last employed," and her "last monthly take-home pay." (IFP at 1; *see also id.* ("Important: answer every question. If you do not know the answer, write 'unknown.' Do not leave blanks."))

Further, while Plaintiff states in her IFP application that she receives $913 every month in public assistance—her only listed source of income—her monthly expenses total $2,840. (IFP.) Plaintiff also states that she has no savings. (*Id.*) This discrepancy is an independent ground to deny Plaintiff's IFP. The Court "may deny an IFP application where the plaintiff submits an incomplete IFP application—for example,

5

form and otherwise did not fully complete the IFP application per the instructions provided therein, Plaintiff's application to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**.

### B. Review of Complaint

Although a court is not required to conduct a screening of a complaint after denying an *in forma pauperis* application, the Third Circuit has endorsed a "flexible approach" that allows a court to dismiss a case "at any time . . . regardless of the status of a filing fee." *Brown*, 941 F.3d at 660. The Court proceeds to screen Plaintiff's Complaint here in an effort to "conserve judicial resources" later. *See id.* The Court may dismiss any claims that are "(i) . . . frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

As an initial matter, Plaintiff's Complaint falls short of the requirements of Rule 8 of the Federal Rules of Civil Procedure. "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). At its core, the purpose of a pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While

---

where the plaintiff lists expenses that exceed income but does not explain how he or she pays expenses." *Davis v. NYS Dep't of Labor*, No. 21-690, 2021 WL 9455716, at *2 (W.D.N.Y. June 28, 2021) (collecting cases).

a court should liberally construe the pleadings of a pro se plaintiff, the complaint must still comply with the pleading requirements of Rule 8." *Prelle v. United States*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 246 (3d Cir. 2013)).

In particular, the Complaint does not specify which of the Blairstown Police Defendants—Hart, Rizvani, Dillon, and Bisanzio—responded to the domestic violence incident, took Bunkley's report of the incident, and effectuated her arrest. (*See generally* Compl.) Much of Plaintiff's Complaint is similarly vague about the roles that individual named Defendants played in her allegations. For instance, in Count Three of the Complaint, Plaintiff merely asserts that "one or more defendants participated in, encouraged, or deliberately ignored the fabrication of evidence and/or the inclusion of false statements or material omissions in charging documents and investigative reports." (Compl. ¶ 37.)

Such statements—which are bereft of specific allegations against individual Defendants but instead impugn all named and unnamed Defendants at once—constitute group pleading, which "fails to meet the plausibility requirement" under Rule 8. *Dante v. Schwartz*, No. 20-01047, 2022 WL 1104996, at *3 (D.N.J. Apr. 13, 2022). "To the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading." *Id.* at *3 (cleaned up) (quoting *Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015)). The lack of clarity in the Complaint as to which of the named Defendants committed which acts and are allegedly liable for which claims, if any, undermines Defendants' right to "fair notice" of the claims asserted and the grounds upon which those claims rest. See *Twombly*, 550 U.S. at 555.

In addition to being deficient under Rule 8, each of Plaintiff's claims must be dismissed as time-barred. Although the Court cannot typically *sua sponte* dismiss a case on statute of limitations grounds, it may do so "when a statute-of-limitations defense is apparent from the face of the complaint . . . pursuant to 28 U.S.C. § 1915." *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). The Third Circuit has recognized that a district court's statutory screening authority under section 1915 "differentiates *in forma pauperis* suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte.*" *Smith v. Del. Cnty. Ct.*, 260 F. App'x 454, 455 (3d Cir. 2008) (quoting *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006)).

The statute of limitations for Section 1983 claims is "governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006). Under New Jersey law, that limitations period is two years. *Id.* at 126–27 (citing N.J. Stat. Ann. § 2A:14–2). By contrast, federal law governs when a Section 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The limitations periods for most Section 1983 claims begin to accrue "when [the] wrongful act causes damages." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). For example, claims of false arrest and false imprisonment begins to accrue "when the arrestee becomes held pursuant to legal process." *Goodwin v. New Jersey*, No. 12-1040, 2012 WL 3532894, at *5 (D.N.J. Aug. 13, 2012). In the instant case, the Court will examine each count of the Complaint, in turn, to determine whether it conforms to the applicable statute of limitations.

As to Count One, which alleges illegal arrest and malicious prosecution, Plaintiff's allegations of illegal arrest began accruing on April 28, 2023—the date of Plaintiff's arrest in connection with the domestic dispute between her and Bunkley. (Compl. ¶ 15.) Because, by her

8

own admission, Plaintiff's illegal arrest predated the filing of her Complaint by almost three years, it thus exceeds the applicable two-year statute of limitations. *Goodwin*, 2012 WL 3532894, at *7 n.5.

Plaintiff's malicious prosecution claim, also contained within Count One, must also be dismissed for the same reason. A malicious prosecution claim does not accrue until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Dique*, 603 F.3d at 186 (quoting *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). As the Supreme Court has explained, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck,* 512 US at 484. To demonstrate this favorable termination, a "plaintiff need only show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 49 (2022).

Under this standard, the criminal proceedings against Plaintiff terminated in her favor on February 14, 2024, the date that the proceedings were dismissed. (Compl. ¶ 28.) The Complaint was filed more than two years after that date. (*Id.* at 5.) Thus, it appears that Plaintiff's malicious prosecution claim is outside the applicable statute of limitations. *Dique*, 603 F.3d at 185–86.[4] Accordingly, it is "apparent from the face of the complaint" that both claims of illegal arrest and

---

[4] In her Complaint, Plaintiff contends that she did not receive a copy of the order dismissing the criminal proceedings against her via mail and instead "learned of the dismissal by telephone." (Compl. ¶ 28.) To the extent that this assertion can be construed as seeking "extension of the statute of limitations," Plaintiff has not "shown any basis to warrant" such relief. *Akinola v. John Doe 1*, 165 F. App'x 242, 244 (3d Cir. 2006). Plaintiff has not demonstrated why she could not have learned about the dismissal of the criminal complaint "had [she] exercised the due diligence required by the [New Jersey] discovery rule." *Id.* Indeed, by her own admission, Plaintiff knew the complaint-warrant and file numbers related to her state Superior Court case (Compl. ¶ 15), indicating that there was no substantive impediment to her obtaining information related to her case.

malicious prosecution set forth in Count One are time-barred. *See McPherson*, 392 F. App'x at 943; *O'Connor*, 440 F.3d at 126–27.

Plaintiff's state law claims under the NJCRA are similarly time-barred.[5] "With respect to Plaintiff's claim under the New Jersey Civil Rights Act, courts in this district have employed a two-year statute of limitations." *Dean v. Deptford Township*, No. 13-5197, 2015 WL 13640263, at *1 (D.N.J. Apr. 1, 2015). Plaintiff's NJCRA claims include the same allegations of illegal arrest and malicious prosecution that are contained in Count One (Compl. ¶ 35). Thus, as explained *supra*, the statute of limitations began accruing on April 28, 2023, for the illegal arrest claim and appears to have begun accruing on February 14, 2024, for the malicious prosecution claim. *See also supra* note 4. Given the two-year statute of limitations for NJCRA claims, the allegations contained in Count Two are also barred by the applicable statute of limitations.

Count Three, which contains claims of "fabrication of evidence/false statements," is time-barred as well. (*Id.* ¶ 37). The Supreme Court has held that, when fabricated evidence is alleged to have been used in a criminal proceeding, the applicable statute of limitations—as it relates to assailing the use of such evidence in a civil rights claim—begins to run after the criminal proceedings terminate in the Plaintiff's favor. *McDonough v. Smith,* 588 U.S. 109, 121 (2019). Given that the relevant criminal proceedings against Plaintiff were dismissed and thus terminated in her favor on February 14, 2024, (Compl. ¶ 15), the statute of limitations on these claims appears to have begun running on that date, *see supra* note 4. Because Plaintiff did not file her Complaint until February 17, 2026, her fabricated evidence claims are also time-barred.

---

[5] To consider these state-law claims, the Court must elect to exercise its supplementary jurisdiction under 28 U.S.C. § 1367.

Finally, Plaintiff's *Monell* claim against Blairstown Township is also barred by the applicable statute of limitations. A "*Monell* claim is subject to the applicable two-year statute of limitations." *Sears v. Dellavelle*, No. 21-18739, 2022 WL 951367, at *4 (D.N.J. Mar. 30, 2022). Construed liberally, the allegations against Blairstown Township in Count Four are intertwined with the illegal arrest and malicious prosecution claims against the individual Defendants in Count One and the fabrication of evidence claim in Count Three.[6] Given that the Court has found that Counts One and Three are both time-barred under the applicable statute of limitations, the *Monell* claim—which would have begun accruing on the same relevant dates—that they are tethered to is similarly time-barred. *See, e.g., Lawson v. City of Vineland*, No. 22-1002, 2022 WL 16922175, at *3 (D.N.J. Nov. 14, 2022) ("As Plaintiff's claim for false arrest is barred by the statute of limitations, so is his *Monell* claim based on that action.").

Thus, given that all of Plaintiff's claims are barred by the applicable statutes of limitations, Plaintiff's Complaint is **DISMISSED.**

Therefore, it is on this $20$ day of May, 2026, **ORDERED** that:

I.     Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **DENIED WITHOUT PREJUDICE;**

II.    Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE;**

---

[6] In a conclusory manner, Plaintiff alleges in Count Four that "Defendant Blairstown Township maintained policies, customs, and/or practices, including inadequate training and supervision regarding domestic violence investigations, evidence handling, probable-cause determinations, and the duty to consider plainly exculpatory information that were the moving force behind the constitutional violations alleged herein." (Compl. ¶ 39.) It is thus apparent from these sparse allegations that the *Monell* claim attempts to assign liability to Blairstown Township for its failure to train and supervise its employees in connection with the various alleged claims in Counts One and Three. However, Plaintiff's wholly conclusory *Monell* claim fails, *inter alia*, because it is devoid of any specific allegations that illustrate how Blairstown Township fell short of its obligations to train and supervise its employees. (*See id.* ¶ 39.) A *Monell* claim is "deficient" and must be dismissed if it "does not allege facts required to plead *Monell* liability for failing to hire, train, or screen." *Wood v. Williams*, 568 F. App'x 100, 106 (3d Cir. 2014).

III.    The Clerk's Office is directed to **OPEN** this case for purposes of ruling on Plaintiff's IFP application, then **CLOSE** the case;

IV.    Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Memorandum Order by filing an amended complaint and either pre-paying the $405 filing fee ($350 filing fee plus $55 administrative fee) or submitting a renewed application to proceed *in forma pauperis*;

V.    Upon receipt of an amended complaint and a proper and completed *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e);

VI.    The Summons shall not issue prior to the Court conducting a screening of the amended complaint pursuant to 28 U.S.C. § 1915(e);

VII.    The Clerk shall serve on Plaintiff by regular U.S. mail: (1) this Memorandum Order; and (2) a blank long-form application to proceed *in forma pauperis,* which is also accessible electronically at https://www.uscourts.gov/file/446/download.

<br>

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

12